IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
06/23/2020
JULIA C. DUDLEY, CLERK
BY: /s/ J. JONES
DEPUTY CLERK

UNITED STATES OF AMERICA,

      Plaintiff,

v.

MILLER LAW GROUP, P.C., and
LARRY L. MILLER,

      Defendants.

Civil Action No.   3:20-cv-00031

## **COMPLAINT**

      This is a civil action brought by Plaintiff, the United States of America, against Defendants Miller Law Group, P.C. and Larry L. Miller to enjoin both Defendants from continuing their practice of failing to withhold or pay to the United States Treasury payroll taxes associated with the wages paid to Miller Law Group, P.C.'s employees. Since the first quarter of 2017 until the present, Miller Law Group, P.C. has failed to withhold, collect, and pay over to the United States the employment taxes that it has deducted from its employees. The Defendants have failed to make these required tax payments, despite disclosing in bankruptcy court records that it would be entitled to no less than $1.2 million through its representation of debtors and other parties in over 580 bankruptcy cases from January 2017 to the present, and despite hiring new employees during the tax periods at issue. In support of its complaint, the United States avers as follows:

//

//

//

//

**I.   JURISDICTION AND VENUE**

1.      This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1340, and 1345, and 26 U.S.C. § 7402(a).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1391(b) and 1396 because Defendant Miller Law Group, P.C. is located and has its principal place of business in this District, Defendant Larry L. Miller resides in this District, the taxes accrued in this District, and because a substantial part of the events and/or omissions giving rise to the claim for injunctive relief occurred in this District.

**II.   PARTIES**

3.      Plaintiff is the United States of America (the "**United States**").

4.      Defendant Miller Law Group, P.C. ("**Miller Law Group**"), a Virginia stock corporation, is a law firm specializing in personal bankruptcy, real estate, and family law with a principal place of business located at 485 Hillsdale Drive, Jordan Building, Suite 341, Charlottesville, Virginia 22901-5734.

5.      Defendant Larry L. Miller ("**Larry Miller**" and collectively with Miller Law Group, the "**Defendants**") is the President of Miller Law Group and, upon information and belief, resides in Charlottesville, Virginia.

**III.   LEGAL FRAMEWORK**

6.      In order to conduct its business, Miller Law Group employs a staff of employees and pays wages to its employees. Accordingly, Miller Law Group is required by law to:

      a.      withhold its employees' federal income and Federal Insurance Contributions Act ("**FICA**") taxes, and pay over to the Internal Revenue Service ("**IRS**") those withholdings, along with Miller Law Group's own FICA and Federal Unemployment Tax Act ("**FUTA**") taxes, *see* 26 U.S.C. §§ 3102, 3111, 3301, and 3402;

      b.      make periodic deposits of the withheld federal income, Social Security, and Medicare taxes, as well as its respective share of employment taxes, in an appropriate federal depository bank in accordance with applicable Treasury Regulations, *see* 26 U.S.C. §§ 6302 and 6157; and 26 C.F.R. § 31.6302-1; and

      c.      file with the IRS its Employer's Quarterly Federal Tax Returns (Form 941) and annual Employer's Federal Unemployment Tax Act Returns (Form 940), *see* 26 U.S.C. § 6011; 26 C.F.R. § 31.6011(a)-1; 26 C.F.R. § 31.6071(a)-1.[1]

7.      Under Section 7501(a) of the Internal Revenue Code, the federal employment taxes that Miller Law Group was required to withhold, collect, and pay over to the United States during the taxable periods described below were deemed by operation of law to have been held in "a special fund in trust for the United States," and were not to be used for any other purposes, including the business operations of Miller Law Group. *See* 26 U.S.C. § 7501(a).

//

//

//

---

[1] The Coronavirus, Aid, Relief and Economic Security Act (the "**CARES Act**") allows employers to defer the deposit and payment of the *employer's share* of social security taxes. The deferral applies to deposits and payments of the employer's share of social security tax that would otherwise be required to be made during the period beginning on March 27, 2020, and ending December 31, 2020. (Section 2302 of the CARES Act calls this period the "payroll tax deferral period.") The United States is not seeking an injunction requiring Miller Law Group, P.C. to deposit and pay the *employer's share* of social security taxes during the payroll tax deferral period.

IV.   **FACTUAL BACKGROUND**

     *A.*    *Miller Law Group's Obligations to Timely File Federal Employment Returns and Unemployment Returns.*

    8.    Miller Law Group is required to file its federal employment returns (Form 941) and unemployment returns (Form 940) "on or before the last day of the first calendar month following the period for which it is made." 26 C.F.R. § 31.6071(a)-1. To date, Miller Law Group has not filed its Form 940 for 2019.

    *B.*    *Miller Law Group's Pyramiding of Federal Employment Taxes.*

    9.    From the first quarter of 2017 through the present (the "**Relevant Time Period**"), Miller Law Group has failed to comply with its federal employment and unemployment tax obligations described in Paragraph 6, above, and has engaged in an activity known as "pyramiding," whereby a business repeatedly withholds taxes from its employees' wages but fails to remit those taxes to the IRS as mandated by law, resulting in an ever-increasing unpaid tax liability.

    10.    For the tax types and tax periods set forth in the table on the next page, a delegate of the Secretary of the Treasury made the following assessments against Miller Law Group, which have the following balances due, after accounting for all costs, fees, accruals, payments, credits, and abatements:

//

//

//

//

| Type of Tax/Penalty | Tax Period | Date of Assessment | Tax Assessment | Unpaid Balance as of April 20, 2020[2] |
|---|---|---|---|---|
| WT – FICA (Form 941) | 09/30/2017 | 12/25/2017 | $27,990.80 | $35,642.98 |
| WT – FICA (Form 941) | 12/31/2017 | 04/09/2018 | $26,354.20 | $10.96 |
| WT – FICA (Form 941) | 03/31/2018 | 07/02/2018 | $27,380.96 | $9,229.91 |
| WT – FICA (Form 941) | 06/30/2018 | 12/31/2018 | $30,701.97 | $42,136.84 |
| WT – FICA (Form 941) | 09/30/2018 | 01/07/2019 | $19,158.87 | $26,140.56 |
| WT – FICA (Form 941) | 12/31/2018 | 04/08/2019 | $18,902.81 | $25,064.07 |
| WT – FICA (Form 941) | 03/31/2019 | 06/10/2019 | $14,657.12 | $17,118.25 |
| WT – FICA (Form 941) | 06/30/2019 | 10/07/2019 | $16,107.80 | $18,276.24 |
| WT – FICA (Form 941) | 09/30/2019 | 04/06/2020 | $15,551.55 | $16,893.36 |
| WT – FICA (Form 941) | 12/31/2019 | 04/06/2020 | $19,142.67 | $19,211.42 |
| CAWR[3] | 12/31/2015 | 12/11/2017 | $14,820.00 | $9,340.64 |
| WT – FUTA (Form 940) | 12/31/2019 | n/a | No return filed | |
| | | | **Total:** | **$219,065.23** |

11.    Despite notice and demand for payment of the assessments set forth in Paragraph 10, above, Defendant Miller Law Group has neglected or refused to make full payment of those assessments to the United States.

12.    As of April 20, 2020, Miller Law Group is indebted to the United States for unpaid federal employment taxes and penalties in the amounts described in Paragraph 10, above, in the

---

[2] This amount is inclusive of interest and penalties as of that date. The United States seeks interest and penalties accruing after that date as provided by law.

[3] "**CAWR**" refers to the combined annual report penalty, 26 U.S.C. § 6721. The CAWR penalty is assessed by the IRS when there is a discrepancy between the Forms 941 filed with the IRS and the Forms W-2 filed with the Social Security Administration.

total amount of **$219,065.23**, plus statutory interest and penalties accruing until paid according to law.

      *C.    Miller Law Group's Business Practices During its Pyramiding of Federal Taxes.*

13.    Despite its failure to pay federal employment taxes to the United States described in Paragraphs 9 through 12, above, Miller Law Group maintained a robust bankruptcy practice and has hired new employees while it has pyramided its employment tax liabilities.

14.    Based on bankruptcy court records between the dates of January 1, 2017 and April 16, 2020, Miller Law Group has served as counsel in over 580 bankruptcy cases in the U.S. Bankruptcy Courts for the Western and Eastern Districts of Virginia.

15.    Based on bankruptcy court filings signed under the penalty of perjury, Miller Law Group disclosed that it received attorney's fees, or that it would be compensated through distributions from bankruptcy trustees, in a number of bankruptcy cases filed under Chapters 7, 11, and 13 of the U.S. Bankruptcy Code.

16.    Miller Law Group has received, or has applied to receive attorney's fees through distributions from bankruptcy trustees, no less than **$1,270,000** in connection with its representation of parties in over 580 bankruptcy cases filed between January 1, 2017 and April 16, 2020.

17.    During the Relevant Time Period that it failed to pay employment taxes, Miller Law Group also hired new employees. Miller Law Group's website advertised that it hired at least two new employees in 2019.[4]

---

[4] *See* MILLER LAW GROUP, P.C., *Firm Bios*, https://www.millerlawgrouppc.com/firmbios/support-staff/angela-ringgold/, https://www.millerlawgrouppc.com/firmbios/support-staff/ebony-collick/ (last visited June 22, 2020) (advertising that Miller Law Group hired new employees in 2019).

D.      *The IRS's Efforts to Bring Miller Law Group into Compliance with Federal Law.*

18.     Despite collecting, or applying to collect, over $1.2 million dollars in attorney's fees in connection with its representation of parties in bankruptcy cases and continuing to hire new employees, Miller Law Group has refused to become compliant with its employment tax deposit and payment obligations.

19.     For the past several years, the IRS has attempted to bring Miller Law Group into compliance with its employment tax deposit and payment obligations. The IRS's administrative efforts have included:

a.      making tax assessments against Miller Law Group for unpaid federal employment taxes and sending notices and demands for payment;

b.      recording notices of federal tax liens against Miller Law Group with respect to those unpaid federal employment taxes;

c.      levying upon Miller Law Group's bank accounts;

d.      visiting Miller Law Group and meeting in person with its principal, Larry L. Miller, on four (4) separate occasions to discuss the delinquent federal taxes owed;

e.      talking to Miller Law Group's principal, Larry L. Miller, fourteen (14) times over the phone between March 12, 2018 and December 11, 2019 concerning the delinquent federal taxes owed, and leaving nine (9) additional voicemails concerning the same;

f.      sending on eight (8) separate occasions an IRS Letter 1058 that identified the delinquent federal taxes owed;

g.      delivering an IRS Letter 903 and Notice 931 to Miller Law Group on June 3, 2019, which placed Miller Law Group on notice that if it continued to fail to comply with its employment tax obligations, then the government would consider filing an action

for an injunction compelling Miller Law Group to pay its federal employment tax liabilities.

20.       Despite these collection efforts by the IRS, Miller Law Group continues to incur additional liabilities with each passing quarter and has not demonstrated a willingness to comply with its obligations under the Internal Revenue Code. There is no evidence that Miller Law Group will make the necessary effort to become compliant, absent a court order compelling it to do so.

### COUNT I: INJUNCTION PURSUANT TO 26 U.S.C. § 7402(A) AGAINST MILLER LAW GROUP, P.C. AND LARRY L. MILLER

21.       The United States re-incorporates the allegations stated in Paragraphs 1 through 20, above, as if fully set forth herein.

22.       Under 26 U.S.C. § 7402(a), this Court may issue injunctions as may be necessary or appropriate for the enforcement of the internal revenue laws.

23.       Miller Law Group and Larry Miller have substantially interfered, and continue to substantially interfere, with the internal revenue laws by persistently failing to: (a) comply with Miller Law Group's employment tax obligations as required by 26 U.S.C. §§ 3102, 3111, 3301, and 3402; and (b) make employment tax deposits as required by 26 U.S.C. §§ 6302, 6157, and 26 C.F.R. §§ 31.6302-1, 31-6302(c)-1, 3.

24.       The IRS has attempted to use administrative means to obtain Miller Law Group's compliance with its employment tax obligations and to collect unpaid employment taxes owed by Miller Law Group. However, those administrative efforts have been unsuccessful.

25.       Despite having been made aware of their tax obligations, Miller Law Group has continued to disregard those obligations and has continued to accrue more unpaid employment tax liabilities.

26.     A mandatory injunction by this Court ordering Defendants Miller Law Group and Larry Miller to comply with Miller Law Group's federal employment tax obligations is necessary and appropriate for the enforcement of the internal revenue laws and to prevent future, continued violations, as the Defendants continue to flout the federal tax laws and accrue additional unpaid federal employment tax liabilities.

27.     Absent court intervention, the United States lacks an adequate legal remedy to prevent the Defendants Miller Law Group and Larry Miller from continuing to evade Miller Law Group's employment tax obligations. An injunction against Defendants Miller Law Group and Larry Miller is appropriate and necessary to prevent them from continuing to interfere with the internal revenue laws.

28.     The United States has suffered, and is continuing to suffer, irreparable harm as a result of Defendants Miller Law Group's and Larry Miller's continued violation of federal law, including but not limited to:

     a.     the loss of tax revenue, including the loss of Miller Law Group's employees' FICA and income taxes for which the employees already have received credit;

     b.     the drain on limited IRS resources caused by Miller Law Group's continued noncompliance with the law; and

     c.     the harm to the tax system as a whole by undermining public confidence in the federal tax system and encouraging widespread violation of the internal revenue laws.

29.     The balance of the hardships tips in favor of the United States as the United States' injuries outweigh the harm to Defendants Miller Law Group and Larry Miller if an injunction is entered against them, as the Defendants will merely be compelled to comply with federal law by making timely employment tax deposits.

30.     An injunction against Defendants Miller Law Group and Larry Miller would serve the public interest. The efficacy of the federal tax system relies on employers to comply voluntarily with federal tax laws, by collecting and remitting to the United States Treasury, in a timely manner, all taxes due, without the need for the IRS to initiate enforcement actions. Miller Law Group's continued failure to pay employment taxes undermines this vital component of the federal tax collection system. Additionally, by unlawfully using for Miller Law Group's own business and operating expenses the tax money that should be paid over to the United States Treasury, Miller Law Group exacts an involuntary subsidy from the United States taxpaying public. An injunction would end this inefficient and wasteful use of taxpayer money.

31.     In the absence of an injunction, Defendants Miller Law Group and Larry Miller are likely to continue to obstruct and interfere with the enforcement of the internal revenue laws to the detriment of the United States.

**WHEREFORE**, the United States respectfully requests that the Court:

A.     Find that Defendants Miller Law Group and Larry Miller have engaged and are engaging in conduct that interferes with the administration and enforcement of the internal revenue laws;

B.     Find that injunctive relief under 26 U.S.C. § 7402(a) and the Court's inherent equity powers is necessary and appropriate to prevent Defendants Miller Law Group and Larry Miller from interfering with the enforcement of the internal revenue laws;

C.     Enter an injunction, pursuant to 26 U.S.C. § 7402(a), Fed. R. Civ. P. 65, and the Court's inherent equity powers, ordering that:

1.    Miller Law Group and Larry Miller shall cause Miller Law Group and any successor entity that they control, to withhold from each employee's paycheck an appropriate amount of income tax and the employee portion of FICA and Medicare taxes;

2.    Miller Law Group and Larry Miller shall cause Miller Law Group and any successor entity that they control to, timely deposit withheld income, FICA, and Medicare taxes in an appropriate federal depository bank in accordance with federal deposit regulations;

3.    Miller Law Group and Larry Miller shall cause Miller Law Group and any successor entity that they control to, timely deposit FUTA taxes in an appropriate federal depository bank each quarter in accordance with federal deposit regulations;

4.    Miller Law Group and Larry Miller shall cause Miller Law Group and any successor entity that they control to, sign and deliver to designated IRS revenue officer, Joseph Collins at 400 North 8th Street, Room 860, Box 64, Richmond, Virginia 23219-4838, or to such specific location as the IRS may deem appropriate, on the twentieth day of each month, an affidavit stating that the required federal income taxes, FICA and Medicare taxes, and FUTA taxes were fully and timely deposited for each pay period during the prior month;

5.    Miller Law Group and Larry Miller shall cause Miller Law Group and any successor entity that they control to, timely file Form 941 employment tax returns and Form 940 unemployment tax returns that come due after the date of the injunction, and they shall provide a copy of each filed return to designated IRS revenue officer, Joseph Collins at 400 North 8th Street, Room 860, Box 64, Richmond, Virginia 23219-4838, or in such manner as the IRS deems appropriate, within five days of filing;

6.      Miller Law Group and Larry Miller shall cause Miller Law Group and any successor entity that they control to, timely pay all required outstanding liabilities due on each return required to be filed under the Court's injunction order;

7.      Miller Law Group and Larry Miller are enjoined from paying other creditors of Miller Law Group or from transferring, disbursing, or assigning any money, property, or assets of Miller Law Group after the date of the injunction order until after such time as the required deposits described in Paragraphs C-1 and C-2, and any liabilities described in Paragraph C-6, have been paid in full, for any tax period ending after the injunction is issued;

8.      Miller Law Group and Larry Miller are enjoined from assigning and/or transferring money or property to any other entity to have that entity pay the salaries or wages of Miller Law Group's employees, except for a commercial payroll services provider approved in advance by counsel for the United States;

9.      Miller Law Group shall permit a representative from the Internal Revenue Service to inspect its books and records periodically, with two business days' notice of each inspection;

10.     For the five-year period beginning on the date this injunction order is entered, Larry Miller shall notify, in writing, IRS revenue officer, Joseph Collins at 400 North 8th Street, Room 860, Box 64, Richmond, Virginia 23219-4838, or to another specific person the IRS designates, if Larry Miller comes to form, incorporate, own, or work in a managerial capacity for another business entity, within five business days of such event. Regardless of such notification, the preceding Subparagraphs of this Paragraph C shall apply to any employer entity controlled by Larry Miller.

D.       Order that Miller Law Group and Larry Miller deliver to all of their current employees a copy of the Court's findings and injunction within 30 days of the date of the injunction order; and, within 30 days of providing their current employees a copy of the Court's findings and injunction, Miller Law Group and Larry Miller shall file a declaration with the Court attesting to their compliance with the requirement that they disseminated the Court's findings and injunction to all of the current employees of Miller Law Group;

E.       Retain jurisdiction over this case to ensure compliance with this injunction, including authorizing the United States to take post-judgment discovery to ensure compliance;

F.       Order that, if Miller Law Group and/or Larry Miller violate any term of this injunction, then counsel for the United States shall send the Defendants written notice of the violation, and the Defendants shall have 10 days after notification is sent to cure the violation;

1.       A "cure" for the violation includes making a late tax deposit and all accruals on such tax; paying delinquent tax shown on a return and all accruals on such tax; filing a delinquent tax return; and providing a delinquent notification to the designated IRS revenue officer, Joseph Collins at 400 North 8th Street, Room 860, Box 64, Richmond, Virginia 23219-4838.

2.       If counsel for the United States has sent the Defendants three separate written notifications for three separate violations, then counsel for the United States shall no longer be obligated to send written notification of a violation.

3.       If any violation is not cured within ten days of notification or if, after the third notification followed by cures, the United States becomes aware of a new violation by Miller Law Group and/or Larry Miller, then the United States shall be entitled to file with this Court a motion for an Order to Show Cause why the Defendants should not be

held in contempt of this injunction and why Miller Law Group should not be ordered to cease doing business immediately and why Larry Miller should not be permanently enjoined from forming, incorporating, or owning another or a successor business entity and from working for any business in any capacity that includes any responsibility for withholding, accounting for, or paying over employment taxes or for filing employment tax returns.

G.   Grant the United States such other and further relief as the Court deems just and proper, including costs and attorneys' fees.

DATED: June 23, 2020                    Respectfully Submitted:

**RICHARD E. ZUCKERMAN**
Principal Deputy Assistant Attorney General

/s/ *Kieran O. Carter*
Kieran O. Carter, VSB No. 81953
Alexander R. Kalyniuk, VSB No. 92325
Trial Attorneys, Tax Division
U.S. Department of Justice
Post Office Box 227, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-3309
Facsimile: (202) 514-6866
E-Mail: Kieran.O.Carter@usdoj.gov
Alexander.R.Kalyniuk@usdoj.gov

*Counsel for the United States of America*

JS 44 (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| United States of America | Miller Law Group, P.C. and Larry L. Miller |

| **(b)**  County of Residence of First Listed Plaintiff _____ <br> *(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant   Charlottesville, VA <br> *(IN U.S. PLAINTIFF CASES ONLY)* <br> NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF <br> THE TRACT OF LAND INVOLVED. |

| **(c)**  Attorneys *(Firm Name, Address, and Telephone Number)* <br> Kieran Carter (VSB 81953) Alex Kalyniuk (VSB 92325) <br> U.S. Dept. of Justice, Tax Division, P.O. Box 227, Washington, DC <br> 20001; (202) 616-1920; Kieran.O.Carter@usdoj.gov | Attorneys *(If Known)* <br> n/a |

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1   U.S. Government <br>       Plaintiff

☐ 2   U.S. Government <br>       Defendant

☐ 3   Federal Question <br>       *(U.S. Government Not a Party)*

☐ 4   Diversity <br>       *(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place <br> of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place <br> of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a <br> Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance <br> ☐ 120 Marine <br> ☐ 130 Miller Act <br> ☐ 140 Negotiable Instrument <br> ☐ 150 Recovery of Overpayment <br>   & Enforcement of Judgment <br> ☐ 151 Medicare Act <br> ☐ 152 Recovery of Defaulted <br>   Student Loans <br>   (Excludes Veterans) <br> ☐ 153 Recovery of Overpayment <br>   of Veteran's Benefits <br> ☐ 160 Stockholders' Suits <br> ☐ 190 Other Contract <br> ☐ 195 Contract Product Liability <br> ☐ 196 Franchise | **PERSONAL INJURY** <br> ☐ 310 Airplane <br> ☐ 315 Airplane Product <br>   Liability <br> ☐ 320 Assault, Libel & <br>   Slander <br> ☐ 330 Federal Employers' <br>   Liability <br> ☐ 340 Marine <br> ☐ 345 Marine Product <br>   Liability <br> ☐ 350 Motor Vehicle <br> ☐ 355 Motor Vehicle <br>   Product Liability <br> ☐ 360 Other Personal <br>   Injury <br> ☐ 362 Personal Injury - <br>   Medical Malpractice | **PERSONAL INJURY** <br> ☐ 365 Personal Injury - <br>   Product Liability <br> ☐ 367 Health Care/ <br>   Pharmaceutical <br>   Personal Injury <br>   Product Liability <br> ☐ 368 Asbestos Personal <br>   Injury Product <br>   Liability <br> **PERSONAL PROPERTY** <br> ☐ 370 Other Fraud <br> ☐ 371 Truth in Lending <br> ☐ 380 Other Personal <br>   Property Damage <br> ☐ 385 Property Damage <br>   Product Liability | ☐ 625 Drug Related Seizure <br>   of Property 21 USC 881 <br> ☐ 690 Other <br><br> **LABOR** <br> ☐ 710 Fair Labor Standards <br>   Act <br> ☐ 720 Labor/Management <br>   Relations <br> ☐ 740 Railway Labor Act <br> ☐ 751 Family and Medical <br>   Leave Act <br> ☐ 790 Other Labor Litigation <br> ☐ 791 Employee Retirement <br>   Income Security Act | ☐ 422 Appeal 28 USC 158 <br> ☐ 423 Withdrawal <br>   28 USC 157 <br><br> **PROPERTY RIGHTS** <br> ☐ 820 Copyrights <br> ☐ 830 Patent <br> ☐ 835 Patent - Abbreviated <br>   New Drug Application <br> ☐ 840 Trademark <br> **SOCIAL SECURITY** <br> ☐ 861 HIA (1395ff) <br> ☐ 862 Black Lung (923) <br> ☐ 863 DIWC/DIWW (405(g)) <br> ☐ 864 SSID Title XVI <br> ☐ 865 RSI (405(g)) | ☐ 375 False Claims Act <br> ☐ 376 Qui Tam (31 USC <br>   3729(a)) <br> ☐ 400 State Reapportionment <br> ☐ 410 Antitrust <br> ☐ 430 Banks and Banking <br> ☐ 450 Commerce <br> ☐ 460 Deportation <br> ☐ 470 Racketeer Influenced and <br>   Corrupt Organizations <br> ☐ 480 Consumer Credit <br>   (15 USC 1681 or 1692) <br> ☐ 485 Telephone Consumer <br>   Protection Act <br> ☐ 490 Cable/Sat TV <br> ☐ 850 Securities/Commodities/ <br>   Exchange <br> ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** <br> ☐ 210 Land Condemnation <br> ☐ 220 Foreclosure <br> ☐ 230 Rent Lease & Ejectment <br> ☐ 240 Torts to Land <br> ☐ 245 Tort Product Liability <br> ☐ 290 All Other Real Property | **CIVIL RIGHTS** <br> ☐ 440 Other Civil Rights <br> ☐ 441 Voting <br> ☐ 442 Employment <br> ☐ 443 Housing/ <br>   Accommodations <br> ☐ 445 Amer. w/Disabilities - <br>   Employment <br> ☐ 446 Amer. w/Disabilities - <br>   Other <br> ☐ 448 Education | **PRISONER PETITIONS** <br> **Habeas Corpus:** <br> ☐ 463 Alien Detainee <br> ☐ 510 Motions to Vacate <br>   Sentence <br> ☐ 530 General <br> ☐ 535 Death Penalty <br> **Other:** <br> ☐ 540 Mandamus & Other <br> ☐ 550 Civil Rights <br> ☐ 555 Prison Condition <br> ☐ 560 Civil Detainee - <br>   Conditions of <br>   Confinement | **IMMIGRATION** <br> ☐ 462 Naturalization Application <br> ☐ 465 Other Immigration <br>   Actions | **FEDERAL TAX SUITS** <br> ☐ 870 Taxes (U.S. Plaintiff <br>   or Defendant) <br> ☐ 871 IRS—Third Party <br>   26 USC 7609 | ☐ 891 Agricultural Acts <br> ☐ 893 Environmental Matters <br> ☐ 895 Freedom of Information <br>   Act <br> ☐ 896 Arbitration <br> ☐ 899 Administrative Procedure <br>   Act/Review or Appeal of <br>   Agency Decision <br> ☐ 950 Constitutionality of <br>   State Statutes |

## V.  ORIGIN *(Place an "X" in One Box Only)*

☒ 1   Original <br>     Proceeding

☐ 2   Removed from <br>     State Court

☐ 3   Remanded from <br>     Appellate Court

☐ 4   Reinstated or <br>     Reopened

☐ 5   Transferred from <br>     Another District <br>     *(specify)*

☐ 6   Multidistrict <br>     Litigation - <br>     Transfer

☐ 8   Multidistrict <br>     Litigation - <br>     Direct File

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
26 U.S.C. 7402(a)

Brief description of cause:
Seeking injunction to compel defendants to make required federal tax deposits and pay employment taxes

## VII.  REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** <br>    UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:   ☐ Yes   ☒ No

## VIII.  RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

| DATE <br> 06/23/2020 | SIGNATURE OF ATTORNEY OF RECORD <br> KIERAN CARTER <br> <small>Digitally signed by KIERAN CARTER <br> DN: c=US, o=U.S. Government, ou=Dept of Justice, ou=TAX, cn=KIERAN CARTER, 0.9.2342.19200300.100.1.1=15001003155213 <br> Date: 2020.06.23 16:25:36 -04'00'</small> |
|---|---|

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____