IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Civil Action No. 3:20-cv-00031 |
| ) | |
| ) | By: Michael F. Urbanksi |
| v. ) | Chief United States District Judge |
| ) | |
| MILLER LAW GROUP, P.C., et al., ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Before the court is the United States' motion for default judgment. For the reasons set forth below, the motion, ECF No. 11, will be **GRANTED**.

### I.

On June 23, 2020, the United States commenced this civil action against Miller Law Group, P.C., and Larry L. Miller. The United States filed an amended complaint on July 8, 2020. Count II to the amended complaint seeks judgment against Miller Law Group for unpaid federal employment and unemployment taxes.

Miller Law Group and Larry Miller were served with process on July 6, 2020, and both parties failed to answer or otherwise defend the action within the time period permitted by the Federal Rules of Civil Procedure. On August 25, 2020, the Clerk entered default against Defendants pursuant to Federal Rule of Civil Procedure 55(a). On December 18, 2020, the United States filed a motion to dismiss Count I of the amended complaint, which sought injunctive relief against both Defendants, because (1) the Circuit Court for the City of Charlottesville had appointed a receiver of Miller Law Group responsible for terminating its law practice, and (2) Larry Miller had passed away. Before the case was transferred to this

court on May 11, 2021, the Honorable Glen E. Conrad, Senior United States District Judge, granted the motion to dismiss Count I on February 22, 2021. The United States now seeks default judgment on Count II under Rule 55(b).

## II.

When defendants default by failing to respond to a complaint, the court accepts the plaintiff's allegations against them as true for purposes of liability. DIRECTV, Inc. v. Rawlins, 523 F.3d 318, 322 n.2 (4th Cir. 2008) (citing Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001)); see also Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). Therefore, at this stage of the proceedings, "the appropriate inquiry is whether or not the face of the pleadings supports the default judgment and the causes of action therein." Anderson v. Found. for Advancement, Educ. & Emp. of Am. Indians, No. 99-1508, 1999 U.S. App. LEXIS 18633, at *2 (4th Cir. Aug. 10, 1999).

If the court concludes that liability is established, it must determine the appropriate relief. The court may decide damages without a hearing as long as there is an adequate evidentiary basis in the record for the award. See Anderson v. Found. for Advancement, Educ. & Emp. of Am. Indians, 155 F.3d 500, 507 (4th Cir. 1998) (recognizing that "in some circumstances a district court entering a default judgment may award damages ascertainable from the pleadings without holding a hearing"); Int'l Painters & Allied Trades Indus. Pension Fund v. Capital Restoration & Painting Co., 919 F. Supp. 2d 680, 685 (D. Md. 2013) (noting that a district court is not required to conduct a hearing to determine damages and "may rely instead on affidavits or documentary evidence in the record to determine the appropriate sum").

2

### III.

The amended complaint alleges that starting in the first quarter of 2017, Miller Law Group began failing to comply with federal employment and unemployment tax obligations and started engaging in "pyramiding," whereby a business repeatedly withholds taxes from its employees' wages but does not remit those taxes to the IRS. Am. Compl. ¶ 9, ECF No. 6. This practice "result[s] in an ever-increasing unpaid tax liability." Id. Assessments from the United States Secretary of the Treasury show that as of April 20, 2020, Miller Law Group owed $219,496.82 in unpaid federal employment taxes and penalties, plus statutory interest and penalties accruing until paid. Decl. of Brian Reid at 3, ECF No. 12-1; Pl.'s Mem. Supp. Mot. Default J. Ex. A, ECF No. 12-3. Moreover, Miller Law Group disclosed in bankruptcy court filings that it had either received or applied to receive attorney's fees through distributions from bankruptcy trustees of at least $1,270,000 for its representation of parties between January 1, 2017, and April 16, 2020. Am. Compl. ¶ 16.

The amended complaint further alleges that the IRS spent several years attempting to bring Miller Law Group into compliance with its employment tax deposit and payment obligations. The IRS took extensive action in this regard, including: (1) making tax assessments against Miller Law Group for unpaid federal employment taxes and sending notices and demands for payment; (2) recording federal tax liens against Miller Law Group with respect to those unpaid federal employment taxes; (3) levying upon Miller Law Group's bank accounts; (4) meeting in person with Larry Miller four times to discuss the unpaid taxes; (5) speaking to Larry Miller on the phone fourteen times to discuss the unpaid taxes and leaving additional voicemails on the same topic; (6) sending an IRS Letter 1058 eight separate times; and (7) delivering an IRS Letter 903 and Notice 931 threatening legal action. Id. ¶ 19.

Despite these actions, Miller Law Group never satisfied its outstanding obligations with the IRS. Id. ¶ 20.

Count II seeks judgment against Miller Law Group for its unpaid federal employment and unemployment tax liabilities. The Internal Revenue Code imposes several obligations on employers for employment and unemployment taxes. First, under 26 U.S.C. §§ 3102, 3111, 3301, and 3402, Miller Law Group was obligated to withhold its employees' federal income and Federal Insurance Contributions Act ("FICA") taxes, pay those withholdings to the IRS, and pay its own FICA and Federal Unemployment Tax Act ("FUTA") taxes to the IRS. Second, 26 U.S.C. §§ 6302 and 6157 and 26 C.F.R. § 31.6302-1 required that Miller Law Group deposit the withheld federal income, Social Security, and Medicare taxes, along with its own share of employment taxes, in a federal depository bank in accordance with governing Treasury Regulations. Finally, pursuant to 26 U.S.C. § 6011 and 26 C.F.R. §§ 31.6011(a)-1 and 31.6071(a)-1, Miller Law Group was obligated to file Employer's Quarterly Federal Tax Returns (Form 941) and annual Employer's FUTA Returns (Form 940) "on or before the last day of the first calendar month following the period for which it is made."

Upon review of the amended complaint, along with the motion for default judgment and its attached exhibits, the court concludes that the United States has established Miller Law Group's liability for unpaid employment and unemployment tax liabilities. The United States attached both IRS Account Transcripts showing Miller Law Group's unpaid tax liabilities and an accompanying declaration of an IRS revenue officer. See Decl. of Brian Reid; Pl.'s Mem. Supp. Mot. Default J. Ex. A. Moreover, an IRS assessment is "presumed correct" and establishes a prima facie case that the defendant bears the burden of rebutting. United States v. Sarubin, 507 F.3d 811, 816 (4th Cir. 2007). Given Miller Law Group's lack of any

responsive pleadings in this case, the court finds that the United States has demonstrated that Miller Law Group is liable for the unpaid employment and unemployment taxes.

### III.

Having concluded that liability is established, the court must now determine the relief to which the United States is entitled. The United States seeks judgment in the amount of $219,496.82 in unpaid tax liabilities as of April 20, 2020, plus interest and statutory additions accruing thereafter, and less any credits and payments. Here, the court again notes that the United States has provided IRS Account Transcripts showing Miller Law Group's unpaid tax liabilities and an accompanying declaration from an IRS revenue officer. See Decl. of Brian Reid; Pl.'s Mem. Supp. Mot. Default J. Ex. A. Both the declaration and the Account Transcripts show $219,496.82 in unpaid tax liabilities as of April 20, 2020. Id. Bearing in mind that such assessments are "presumed correct," the court is satisfied that the Account Transcripts and declaration provide a sufficient evidentiary basis for an award of $219,496.82, plus statutory interest and penalties that have accrued since April 2020, and less any credits and payments since that time. See Sarubin, 507 F.3d at 816.

### IV.

For the reasons stated, the court **GRANTS** the United States' motion for default judgment. Judgment is entered in favor of the United States and against Miller Law Group in the amount of $219,496.82 for Miller Law Group's unpaid employment and unemployment taxes, plus statutory interest and penalties that have accrued since April 2020, and less any credits and payments since that time.

An appropriate Order will be entered this day. The Clerk is directed to send copies of this Memorandum Opinion and its Accompanying Order to all counsel of record.

It is **SO ORDERED**.

Entered: June 15, 2021

*/s/ Michael F. Urbanski*
Michael F. Urbanski
Chief United States District Judge